## COMPOSITE EXHIBIT "A"

- Civil Cover Sheet
- Complaint
- Summons issued and served on University of Miami
- Return of Service on University of Miami (November 6, 2018)

Filing # 79924984 E-Filed 10/26/2018 12:29:20 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>ALTHEA CAMERON-MASON</u>
Plaintiff
          vs.
<u>UNIVERSITY OF MIAMI</u>
Defendant

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐    Business governance
    ☐    Business torts
    ☐    Environmental/Toxic tort
    ☐    Third party indemnification
    ☐    Construction defect
    ☐    Mass tort
    ☐    Negligent security
    ☐    Nursing home negligence
    ☐    Premises liability – commercial
    ☐    Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐    Commercial foreclosure $0 - $50,000
    ☐    Commercial foreclosure $50,001 - $249,999
    ☐    Commercial foreclosure $250,000 or more
    ☐    Homestead residential foreclosure $0 – 50,000
    ☐    Homestead residential foreclosure $50,001 - $249,999
    ☐    Homestead residential foreclosure $250,000 or more
    ☐    Non-homestead residential foreclosure $0 - $50,000
    ☐    Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐    Malpractice – business
    ☐    Malpractice – medical
    ☐    Malpractice – other professional
☒ Other
    ☐    Antitrust/Trade Regulation
    ☐    Business Transaction
    ☐    Circuit Civil - Not Applicable
    ☐    Constitutional challenge-statute or ordinance
    ☐    Constitutional challenge-proposed amendment
    ☐    Corporate Trusts
    ☒    Discrimination-employment or other
    ☐    Insurance claims
    ☐    Intellectual property
    ☐    Libel/Slander
    ☐    Shareholder derivative action
    ☐    Securities litigation
    ☐    Trade secrets
    ☐    Trust litigation

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>6</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>     FL Bar No.: <u>165580</u>

    Attorney or party                                          (Bar number, if attorney)

<u>Jason S Remer 10/26/2018</u>
    (Type or print name)                                             Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:_____

ALTHEA CAMERON -MASON,

     Plaintiff,

v.

UNIVERSITY OF MIAMI
Florida Not For Profit Corporation

     Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, ALTHEA CAMERON-MASON ("Plaintiff") by and through the undersigned counsel, hereby sue Defendant, UNIVERSITY OF MIAMI ("Defendant") and in support avers as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs for damages as a result of discrimination based on race, color, and national origin, retaliation, and unpaid wages in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. The jurisdiction of the Court over this controversy is based upon FCRA and the FLSA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Further, Plaintiff is a covered employee for purposes of the FCRA and FLSA.

4. Defendant has its main place of business and/or operates in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Defendant is accordingly an "employer" as defined by the FCRA.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, payment was due in Miami-Dade County, the discriminatory acts took place in Miami-Dade County, and damages are due and owing in Broward County.

7. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human rights ("FCHR") on March 28, 2018, claiming race, color, and national Origin discrimination. *See* Exhibit A.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendant from approximately March 21, 2016 until January 3, 2018 as a Senior Medical Technologist.

10. Plaintiff is a Black individual of Jamaican national origin.

11. Throughout Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff on her lunch break although she was required to work during her lunch.

12. On or about February 2017, Plaintiff complained to Human Resources, Stephanie Paz ("Ms, Paz").

13. Thereafter, Ms. Paz requested Plaintiff's signature to an agreement where Defendant would reimburse Plaintiff for unpaid wages during lunch, which Defendant would calculate

starting the beginning of Plaintiff's employment. Plaintiff's Supervisor, Ms. Fola was also required to sign the agreement.

14. However, Defendant failed to pay Plaintiff her owed lunch wages as they agreed upon.

15. Thereafter, Plaintiff contacted Ms. Paz, she responded that her calculation was not accurate and that she needed to contact payroll for accuracy. Additionally, she mentioned that all the hours for which Plaintiff was not paid for lunch could lead to overtime hours.

16. Additionally, on or about February 2017, Defendant failed to pay Plaintiff for thirty-nine hours, regular wages, for which Plaintiff worked but Defendant's "clock-in" phone system had some technical difficulties. A manager had to manually input Plaintiff's hours but failed to so accurately.

17. During Plaintiff's employment with Defendant, Defendant also failed to pay Plaintiff for overtime hours although Defendant knew or should have had knowledge of Plaintiff's hours to be compensated fairly and accurately.

18. Pursuant to Company policy, employees are allowed to take two weeks paid vacation. On or about October 2016 and 2017, Plaintiff requested two weeks off pursuant to the vacation hours Plaintiff earned while working for Defendant.

19. Plaintiff's Manager, Donna Adams ("Ms. Adams") (White, American) did not allow Plaintiff to take two weeks off but one week while Ms. Adams allowed Plaintiff's colleagues, Yvonne Williams (White, Brazilian), other non-Black and/or non-Jamaican employees to take two-weeks' vacation.

20. Furthermore, Defendant failed to pay Plaintiff for above vacations although she was entitled to be compensated, especially Defendant compensated Plaintiff's colleagues, Ms. Williams, non-Jamaican and/or non-black employees for requested vacations.

21. Moreover, Plaintiff's Manager, Esperanza Olivera (White, Venezuelan) continuously argued with Plaintiff for no reason while Plaintiff's colleague, on occasions, gave the wrong blood type to patients and would have numerous incomplete assignments but was never reprimanded for such incidents.

22. Plaintiff complained of above treatment to Human Resources, Stephanie Paz and Marcela Ward but her complaints were without success.

23. The discrimination perpetrated by Defendant was specifically due to Plaintiff's race, color, and national origin.

24. Therefore, Plaintiff's termination was predicated and/or motivated by her race, color, and national origin.

## COUNT I
### DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST UNIVERSITY OF MIAMI

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

26. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race.

27. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

28. The Plaintiff is a female and former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

29. While employed with Defendant, Plaintiff was subjected to discrimination based on his race.

30. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

31. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

32. Plaintiff was qualified for his position with Defendant.

33. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

34. Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

35. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

    A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

    C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

    D.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

    E.  For a money judgment representing prejudgment interest;

    F.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

    G.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

    H.  Grant PLAINTIFF a trial by jury; and

    I.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *DISCRIMINATION BASED ON COLOR IN VIOLATION OF*

### THE FLORIDA CIVIL RIGHTS ACT AGAINST
### UNIVERSITY OF MIAMI

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

37. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's color.

38. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon color considerations or reasons.

39. The Plaintiff is a female and former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

40. While employed with Defendant, Plaintiff was subjected to discrimination based on his color.

41. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

42. Moreover, as a further result of the Defendant unlawful color based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

43. Plaintiff was qualified for his position with Defendant.

44. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his color in the terms, conditions, and privileges of employment.

45. Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

46. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

H.  Grant PLAINTIFF a trial by jury; and

I.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST UNIVERSITY OF MIAMI

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this Complaint as if set out in full herein.

48. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's national origin.

49. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

50. The Plaintiff is a female and former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

51. While employed with Defendant, Plaintiff was subjected to discrimination based on his national origin.

52. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

53. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

54. Plaintiff was qualified for her position with Defendant.

55. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

56. Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

57. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

G.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

H.  Grant PLAINTIFF a trial by jury; and

I.  Grant such other and further relief as the Court deems just and proper.

## COUNT IV
### RETALIATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT AGAINST
### UNIVERSITY OF MIAMI

58. Plaintiff re-adopts each and every factual allegation as stated in 1-24 of this Complaint as if set out in full herein.

59. Defendant is an employer as that term is used under the applicable statutes referenced above.

60. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

61. The foregoing unlawful actions by Defendant were purposeful.

62. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

63. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between

the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

64. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

65. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *FLSA VIOLATION AGAINST UNIVERSITY OF MIAMI*

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

67. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

68. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

69. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint

enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

70. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

71. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

72. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FLSA Retaliation against UNIVERSITY OF MIAMI*

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

74. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

75. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

76. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' unlawful pay practices.

77. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated:   10-25-18


Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005


By:_____
      Jason S. Remer, Esq.
      Fla. Bar No.: 0165580
      Brody M. Shulman, Esq.
      Fla. Bar No.: 092044
      Miriam Colmenarez, Esq.
      Fla. Bar No.:0118144

Filing # 80015860 E-Filed 10/29/2018 03:54:43 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2018 - 036394 - CA - 01

*Div 13 Thomas Judge Rebull*

ALTHEA CAMERON -MASON,

    Plaintiff,

v.

UNIVERSITY OF MIAMI
Florida Not For Profit Corporation

    Defendant.

_____/

*11/5*
*1235 P*
*a*
*245*

SUMMONS IN A CIVIL CASE

TO: UNIVERSITY OF MIAMI, through its Registered Agent:

    ANDREA E. ORANGE
    1320 SOUTH DIXIE HIGHWAY
    SUITE 1200
    CORAL GABLES, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

    Harvey Ruvin,
    Clerk of Courts

CLERK _____

(BY) DEPUTY CLERK

DATE   10/30/2018

# RETURN OF SERVICE

| State of Florida | County of MIAMI-DADE | Circuit Court |
|---|---|---|

Case Number: 2018-036394-CA-01

Plaintiff:
**ALTHEA CAMERON-MASON**

vs.

Defendant:
**UNIVERSITY OF MIAMI**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 1st day of November, 2018 at 12:14 pm to be served on **UNIVERSITY OF MIAMI C/O REGISTERED AGENT, ANDREA R. ORANGE, 1320 S DIXIE HIGHWAY, SUITE 1200, CORAL GABLES, FL 33146.**

I, GREG SCHULTE, do hereby affirm that on the **5th day of November, 2018** at **12:35 pm**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CALEB SALAZAR** as **LEGAL** of **UNIVERSITY OF MIAMI 1320 S DIXIE HIGHWAY, SUITE 1200, CORAL GABLES, FL 33146,** and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**GREG SCHULTE**
CPS #246

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018015536

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h

